The MAGNAVOX COMPANY OF TEN-NESSEE, Plaintiff-Appellee,

v.

INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO, Its Affiliated Local No. 748, and Roy E. Whaley, Defendants-Appellants.

No. 18944.

United States Court of Appeals

Sixth Circuit.

April 29, 1969.

Thomas W. Overall, Greeneville, Tenn. and Richard Scupi, Washington, D. C. (Irving Abramson, Ruth Weyand, Washington, D. C., on the brief), for appellants.

George K. McPherson, Jr., Atlanta, Ga. (N. R. Coleman, Jr., Milligan, Silvers & Coleman, Greeneville, Tenn., Smith, Currie & Hancock, Atlanta, Ga., on the brief), for appellee.

Before WEICK, Chief Judge, O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

We consider the appeal of defendants, International Union and its member Roy E. Whaley, from a judgment entered in the United States District Court for the Eastern District of Tennessee setting aside an arbitrator's award. The award

ordered reinstatement of Whaley in a job from which he had been discharged by appellee, The Magnavox Company of Tennessee.

Whaley had been off from work for reasons of health. Thereafter he sought to return to work, presenting his doctor's certificate that he could return to work but not in any place where he would be exposed to intense heat. His regular job called for such exposure. The company refused to provide him with a job in which he would be relieved of that work. The employee thereupon returned to his doctor and got a second certificate which stated, without qualification, that he could return to his old employment. The company then had him examined by its doctor, who also certified that he could work at his old job without hazard to his health. Whaley then returned to work at his regular job, but during the day he refused his foreman's direction that he perform one part of his regular work, asserting that, "he had a doctor's statement * * * that he wasn't to be in any intensive heat and do any bending over." For his refusal, Whaley was discharged.

Article II of the collective bargaining agreement, under the heading of Management Responsibility, provided:

"The right to hire, layoff, and discharge employees for just and lawful cause; * * * are among the sole prerogatives of the Company; * * * and also this section will not in any way abrogate or interfere with the employee's rights under the terms of this Agreement, including the use of the grievance and arbitration procedure."

Article IX of the contract, entitled Arbitration, provided in Section 1 that,

"Claims that the Company has violated some provision of this contract * * shall be arbitrable grievances. Arbitration decisions rendered in compliance with the following procedures shall be final and binding on both parties."

Section 2 of Article IX provided,

"An arbitrator under this Agreement shall not have the right to:

    *    *    *

(c) To consider, rule or enter any award with respect to disciplinary action imposed upon an employee for refusal or failure to perform assigned job tasks, *except where the employee can positively establish that the performance of such task would have created a serious health hazard to him."* (Emphasis supplied.)

The company refused to reinstate Whaley and the matter went to arbitration. The arbitrator found as a fact that performance of the task which Whaley refused to perform did not create a hazard to his health, and that the employee could not "positively establish that the performance of such task would have created a serious health hazard to him."

The arbitrator, however, was of the view that he had a right to find that the discharged employee had good faith doubts as to the health hazard involved in returning to his old job. He concluded:

"A careful review of all the facts and circumstances, however, does not sustain discharge, and some mitigation of punishment is indicated."

We read such conclusion to be that, notwithstanding the unambiguous language of the contract which restricted the arbitrator's jurisdiction and forbade his making an award in the particular facts of this case, he had some general authority to take the action he did. We disagree. The right of the company to do what it did was clearly spelled out in Article IX, Section 2(c) of the contract. Whatever general authority the arbitrator may have had was restricted and confined by such provision.

The District Judge's carefully prepared opinion is reported as Magnavox Co. of Tenn. v. Internat'l Union, etc., 287 F.Supp. 47 (E.D.Tenn.1968). It adequately discusses the facts and correctly applies the relevant law. We believe, also, that his disposition of the matter comported with this Court's decisions in

Local 342, United Automobile Workers, etc., v. T. R. W., Inc., 402 F.2d 727 (6th Cir. 1968); and Dist. 50, UMW, etc., v. Chris-Craft Corp., 385 F.2d 946 (6th Cir. 1967).

The judgment of the District Court is affirmed.

EDWARDS, Circuit Judge (dissenting).

In this case the arbitrator construed Article II of the collective bargaining agreement (quoted above in the court's opinion) as giving him jurisdiction over discharges which were unjust or unlawful. The collective bargaining agreement authorized him to construe the contract.

The parties to the contract submitted this discharge to arbitration. The arbitrator held that this discharge was unjust. In my opinion he had jurisdiction to do so. The courts should not retry an issue decided by arbitration and in effect give the losing party two bites at this cherry. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

I would reverse and remand for enforcement of the arbitration award.